IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**PINNACLE THERAPEUTIC SERVICES, LLC,**<br><br>**Defendant.** | CIVIL ACTION NO. 3:24-cv-677 |

## COMPLAINT

NOW COMES Philadelphia Indemnity Insurance Company, by and through its undersigned counsel, and complaining of defendant Pinnacle Therapeutic Services, LLC says and alleges as follows:

## PARTIES

1. Plaintiff Philadelphia Indemnity Insurance Company ("PIIC" or "Plaintiff"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, whose principal place of business is located at 231 Saint Asaphs Road, Suite 100, Bala Cynwyd, PA 19004.

2. At all times relevant hereto, Plaintiff was duly authorized to engage in the business of (*inter alia*) property insurance in the State of North Carolina.

3. At all times relevant hereto, Plaintiff provided property insurance via a policy issued to Children's Hope Alliance, Inc. ("Children's Hope") in connection with its property located at 515 Boston Avenue, North Wilkesboro, NC 28659-3903 (the "subject property"). Said policy of insurance was in full force and effect at all times relevant hereto.

4. As a result of claims made on said policy by Children's Hope, Plaintiff became subrogated to certain rights and interests of Children's Hope for monies paid thereunder, including the claims giving rise to this action.

5. Defendant Pinnacle Therapeutic Services, LLC ("Pinnacle") is a limited liability company organized and existing under the laws of the State of North Carolina whose sole member, upon information and belief, is Ken Simmons, a citizen of North Carolina.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1) in that the action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the defendant resides in this district and the events and omissions giving rise to this claim occurred in this district.

## STATEMENT OF FACTS

8. Plaintiff incorporates by reference the preceding averments as though set forth at length herein.

9. Prior to January 27, 2024, Defendant leased the subject property from Children's Hope.

10. Prior to January 27, 2024, Defendant removed the washing machine and shut off the water to the subject property in anticipation of performing renovation work.

11. On or about January 27, 2024, Defendant had the water to the subject property turned back on.

12. On or about January 27, 2024, water damage occurred at the subject property.

13. The investigation as to the cause of the water damage revealed that the water damage was the result of Defendant's negligent and careless act of leaving the hot water supply line to the washing machine in the "on" position, which caused hot water to run when the water to the subject property was turned back on at a time when no one was present at the subject property for a couple of days.

14. As a direct and proximate result of the acts and/or omissions of the Defendant (as are described more fully below), Children's Hope sustained damage to the subject property, as well as additional expenses and harms besides, in an amount in excess of $75,000.00. As set forth above, Plaintiff is subrogated to Children's Hope's recovery rights in connection with this claim.

## **COUNT I – NEGLIGENCE**

15. Plaintiff realleges and incorporates by reference the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

16. Defendant owed Children's Hope a duty of care to refrain from engaging in conduct that created a foreseeable likelihood of harm to the subject property and the imposition of other expenses besides.

17. Defendant knew or should have known that negligently and carelessly leaving the hot water supply line to the washing machine in the on position would place Children's Hope at risk of foreseeable harm.

18. The aforementioned damages were the direct and proximate result of the negligence, carelessness and/or other liability-producing conduct of Defendant, more specifically described as follows:

    a. Carelessly leaving the hot water supply line to the washing machine in the "on" position;
    b. Failing to exercise the reasonable care owed to Children's Hope; and/or
    c. Otherwise acting negligently and carelessly under the circumstances.

3

Case 3:24-cv-00677-DCK    Document 1    Filed 07/24/24    Page 3 of 4

19. Defendant's negligent and other unlawful actions and/or omissions were the direct and proximate cause of the damages sustained by Children's Hope.

20. As a direct and proximate result of Defendant's above-described negligent, Subrogation sustained and incurred damages in excess of $75,000.00.

21. As set forth above, Plaintiff is subrogated to Subrogor's recovery rights in connection with this claim.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant in an amount in excess of $75,000.00, plus costs of this action, interest, attorney fees as allowed by law, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted, this the 24th day of July 2024.

**POYNER SPRUILL**

**BY:** s/Daniel G. Cahill
Daniel G. Cahill
NC State Bar No. 20087
301 Fayetteville Street, Suite 1900
Raleigh, NC 27601
919-271-4996
dcahill@poynerspruill.com
ATTORNEYS FOR PLAINTIFF,
PHILADELPHIA INDEMNITY INSURANCE COMPANY